IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLI-L SMITH,<br><br>                           *Plaintiff,*<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>                           *Defendant.* | Civil Action No. 2:22-cv-1147<br><br>Hon. William S. Stickman IV |

## **MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, United States District Judge

*Pro se* Plaintiff Kelli-L. Smith ("Smith") filed this lawsuit accusing Defendant of attempting to collect a debt she did not owe and credit reporting unspecified "false information." (ECF No. 1, p. 4). Smith has done nothing to prosecute her claims. She did not serve Federal Rule of Civil Procedure 26 initial disclosures, she thwarted the alternative dispute resolution ("ADR") process by failing to pay the neutral the required payment, she engaged in no discovery, she filed no substantive motions, she has missed every conference held by the Court, and she continually ignores the Court's orders. Her inaction completely frustrates and impedes efforts to resolve this matter in a timely and fair fashion. Adequate grounds have been established for the extreme sanction of dismissal. *See Adams v. Trustees, NJ Brewery Trust Fund*, 29 F.3d 863 (3d Cir. 1994).

### I.    Analysis

A federal district court has the discretion to dismiss a proceeding *sua sponte* based on a party's failure to prosecute the action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962);

*Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) (citing Fed. R. Civ. P. 41(b)).  Federal Rule of Civil Procedure 41(b) states in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  The United States Court of Appeals for the Third Circuit has stated that "a district court dismissing a case *sua sponte* 'should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision.'"  *Qadr*, 641 F. App'x at 103 (quoting *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008)).  Before engaging in a *sua sponte* dismissal, "the court 'should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders.'"  *Id.* (quoting *Briscoe*, 538 F.3d at 258).  Additionally, the Third Circuit has established a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted).  In weighing the *Poulis* factors, the Court must analyze the factors in light of the "strong policy favoring decisions on the merits."  *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019).  Although a court must balance the six factors, it need not find that all factors are met before dismissing an action with prejudice.  *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 919 (3d Cir. 1992) (concluding that "it is not necessary that all of the factors point toward a

default before that sanction will be upheld"); *see also Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) ("not all of the *Poulis* factors need be satisfied in order to dismiss a complaint").

### A. The first five *Poulis* factors warrant dismissal.

As to the first *Poulis* factor, the Court must consider the extent to which the dilatory party is personally responsible for the sanctionable conduct. *See Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873 (3d Cir. 1994) ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). Since the filing of this matter, Smith has ignored multiple orders of this Court. Added to that, she has chosen to not participate in any aspect of this case from ADR to discovery. Most recently, she has not responded to the Court's Order to Show Cause (ECF No. 22) and Defendant's Motion to Dismiss (ECF No. 23). Because Smith is proceeding *pro se*, she is solely responsible for her own conduct. *See, e.g., Colon v. Karnes*, No. 1:11-cv-1704, 2012 WL 383666, at *3 (M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions."). This factor weighs heavily in favor of dismissal.

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. Relevant concerns include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories[,] the excessive and possibly irremediable burdens or costs imposed on the opposing party," *Adams*, 29 F.3d at 874, and "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Defendant contends it has been prejudiced in the following manner:

> Most notably, Plaintiff did not issue Rule 26 disclosures setting forth the names or contact information of persons likely to have discoverable information, the

3

documents she may use to support her claims, or a computation of her supposed damages. Plaintiff's failure has hindered PRA's ability to determine how to defend the case. At the very least, PRA has been prejudiced by having to expend time and resources preparing and appearing for hearings that Plaintiff disregarded.

(ECF No. 23-1, p. 4). The Court concurs with Defendant. Smith's continued inaction frustrated and delayed Defendant's defense and resolution of this action. The second factor weighs heavily in favor of dismissal.

The third *Poulis* factor weighs strongly in favor of dismissal. Despite being warned that failure to comply with orders from the Court and respond to Defendant's motion to dismiss may result in this matter being dismissed for failure to prosecute, Smith has failed to do so. She has essentially ignored every Court Order and has failed to attend every conference scheduled by the Court.[1] She thwarted the ADR process, and she engaged in no discovery. This conduct is more than sufficient to establish a history of dilatoriness. *See Mack v. United States*, Civil No. 3:17-cv-1982, 2019 WL 1302626, at *2 (M.D. Pa. Mar. 21, 2019) ("Mack has established a history of dilatoriness through his failure to notify the Court of his whereabouts and failure to comply with Court Orders and rules."). Consequently, the third factor weighs in favor of dismissal.

With respect to the fourth *Poulis* factor, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. While it is difficult to evaluate willfulness on the record available, there is nothing on the docket to suggest that Smith is not receiving the Court's orders. Under such circumstances, the Court must conclude that Smith's failure to respond to Court orders and failure to attended scheduled Court proceedings is intentional, tilting this factor in favor of dismissal.

---

[1] All of the Court's conferences were telephonic and Smith was provided connection information. As such, there were no inconvenience or expense of travel.

The fifth factor address the effectiveness of sanctions other than dismissal. *Poulis*, 747 F.2d at 869. It is well-established that alternative, monetary sanctions are ineffective where the plaintiff is indigent. *See Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). Moreover, alternative sanctions are unlikely to be effective against Smith who refuses to adhere to Court orders. *Mack*, 2019 WL 1302626, at *2 (noting that the court was "incapable of imposing a lesser sanction" on a plaintiff who refused to participate in his own lawsuit). As such, this factor weighs heavily in favor of dismissal.

### B. The last *Poulis* factor warrants dismissal.

Finally, the Court must consider the potential merit of Smith's claims. Since she chose not to participate in discovery, the only presentation of Smith's claims was in her Complaint. Because she is proceeding *pro se* her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). A claim will be deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 869-70. The Court finds that Plaintiff's claims are not meritorious.

Smith alleges that "[t]he defendant unlawfully reported false information to [sic] Credit Bureaus, and is trying to collect on an alledge [sic] debt that [she] do[es] not owe." (ECF No. 1, p. 4). She has included absolutely no factual allegations or legal causes of action in her Complaint. Thus, Plaintiff has come forth with no facts about what information Defendant reported or exactly how it was "false." Also, she has presented no facts as to what debt Defendant was allegedly attempting to collect and why Smith believes she owes nothing. Smith has not alleged "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009) (applying

*Twombly* and *Iqbal* standard to *pro se* complaints). In other words, she has failed to set forth any facts in her Complaint that plausibly show the existence of relief against Defendant. Furthermore, since she chose to forgo discovery, there are no facts to support her claim. Because no genuine issue of material fact exists, Defendant is entitled to judgment in its favor.

## II.    CONCLUSION

All of the six *Poulis* factors support dismissal. While the Court is mindful of the Third Circuit's strong policy in favor of deciding cases on the merits, such a resolution is impossible where Smith declines to meaningfully participate in her own lawsuit. The Court concludes that the extreme sanction of dismissal is supported by the *Poulis* factors and the record. By Orders of Court to follow, the case will be dismissed with prejudice due to Smith's failure to prosecute. Defendant's pending motion will be dismissed as moot, and this case will be closed.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

7/7/2023
Date